Mathew Higbee, Bar #: 11158,
3110 West Cheyenne Ave , Ste. 200
North Las Vegas, NV 89032
T: (714) 600-8085
F: (866) 534-7049
Email: Mhigbee@higbeeassociates.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA
# LAS VEGAS DIVISION

| | |
|---|---|
| JONATHAN WESTFALL, | Case No. __2:19-cv-2093__ |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| USAA SAVINGS BANK, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

NOW COMES Plaintiff, JONATHAN WESTFALL ("Plaintiff"), through his attorneys, and alleges the following against Defendant, USAA SAVINGS BANK:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq*.

2. The TCPA was legislated to prevent companies like USAA Savings Bank from invading Americans' privacy by curtailing abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt

- 1 -

our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C § 1391(b)(1) because Defendant has its principal place of business in Las Vegas, Nevada.

## PARTIES

5. Plaintiff is a natural person residing in Rutherford County, in the city of Murfreesboro, in the state of Tennessee, and is otherwise *sui juris*.

6. Defendant is a Nevada corporation with its principal place of business located in Las Vegas, Nevada. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assignees, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred under a credit card agreement issued by Defendant, USAA Savings Bank.

9. Plaintiff is the "called party." See <u>Breslow v. Wells Fargo Bank, N.A.</u>, 755 F.3d 1265 (11th Cir. 2014).

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (615) XXX-2524.

11. Defendant placed collection calls to Plaintiff from its telephone numbers including, but not limited to, (800) 531-7013 and (800) 531-0378.

12. Upon information and belief, based on the number, frequency and timing of the calls, Defendant's prior business practices, and automated voicemail messages left on Plaintiff's answering machine, Defendant's calls were placed with an automatic telephone dialing system.

13. Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

14. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about November 20, 2018, Plaintiff spoke with a representative of Defendant's company at phone number (800) 531-0378 and told Defendant to stop calling his cellular telephone.

18. During the November 20, 2018 conversation, Plaintiff gave Defendant his full social security number and first and last name, in order to assist Defendant in identifying him and accessing his accounts before asking Defendant to stop calling his cellular telephone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on November 20, 2018.

20. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff's cellular phone after November 20, 2018.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least three hundred and fifty-eight (358) telephone calls via the use of an automatic telephone dialing system to Plaintiff's cellular telephone.

22. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above

cited provisions of 47 U.S.C. § 227 *et seq.*

25. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, JONATHAN WESTFALL, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

    a.    Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: three hundred and fifty-eight (358) for a total of one hundred seventy-nine thousand dollars ($179,000.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(C)**

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

28. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory

damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30.  Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, JONATHAN WESTFALL, respectfully requests judgment be entered against Defendant, USAA SAVINGS BANK, as follows:

    a.    Awarding Plaintiff statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: three hundred and fifty-eight (358) for a total of five hundred thirty-seven thousand dollars ($537,000.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: December 5, 2019

RESPECTFULLY SUBMITTED,

By:    */s/ Mathew Higbee*
Mathew Higbee, Bar #: 11158,
3110 West Cheyenne Ave, Ste. 200
North Las Vegas, NV 89032
T: (714) 600-8085
F: (866) 534-7049
Email: Mhigbee@higbeeassociates.com
Attorney for Plaintiff Jonathan Westfall