# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JONATHAN WESTFALL,
     Plaintiff,
vs.

USAA SAVINGS BANK,
     Defendant.

Case No.: 2:19-cv-02093-GMN-DJA

**ORDER**

  Pending before the Court is Defendant USAA Savings Bank's ("Defendant's" or "USAA's") unopposed Motion to Dismiss, (ECF No. 8). Also pending before the Court is Defendant's unopposed Motion to Compel Arbitration, (ECF No. 11). For the reasons discussed below, the Court **GRANTS** Defendant's Motions.

## I. BACKGROUND

  This case arises from Plaintiff Jonathan Westfall's ("Plaintiff's") allegation that he was victim to Defendant's unlawful, automated collection calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (*See* Compl. ¶¶ 10–22, ECF No. 1). Defendant moves to dismiss the Complaint and submit the matter to arbitration, alleging that Plaintiff's Complaint falls within the scope of the parties' arbitration agreement. (*See* Mot. Dismiss 2:1–10, ECF No. 8).

## II. LEGAL STANDARD

  Section 2 of the Federal Arbitration Act ("FAA") provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  "In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating,* 465 U.S. 1, 10 (1984).

Under the FAA, parties to an arbitration agreement may seek an order from the Court to compel arbitration. 9 U.S.C. § 4.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (emphasis original).  Thus, the Court's role is limited to, "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Lee v. Intelius, Inc.*, 737 F.3d 1254, 1261 (9th Cir. 2013) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (internal quotations omitted)).  The moving party must establish the existence of the arbitration agreement by a preponderance of evidence. *See Norcia v. Samsung Telcoms. Am., LLC*, 845 F.3d 1270, 1283 (9th Cir. 2017).

### III. DISCUSSION

**A.  Motion to Compel Arbitration**

Defendant argues that the dispute should be submitted to arbitration. (*See* Mot. Compel, ECF No. 11).  The Court concludes that the case should be submitted to arbitration because Defendant has met its burden to show that the parties have a valid arbitration agreement encompassing Plaintiff's claims.

Defendant has demonstrated, by a preponderance of evidence, that the parties have a valid, enforceable arbitration agreement.  Defendant has provided the Court with a copy of the agreement. (*See* Credit Card Agreement and Addendum, Exs. A–B to Mot. Compel, ECF Nos. 11-2–11-3).  Accompanying the agreement is a sworn declaration that Plaintiff became bound

by the agreement's terms after conducting his first transaction with his USAA credit card. (Martinez Decl. ¶¶ 3–6, Ex. C to Mot. Compel, ECF No. 11-4).

Likewise, Defendant has shown that Plaintiff's claims are within the scope of the agreement. Plaintiff's Complaint asserts two claims against Defendant for conducting collection calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3)(B)–(C). (Compl. ¶¶ 23–30, ECF No. 1). The parties' arbitration agreement requires the parties to submit any "Covered Claim[s]" to arbitration at the election of either party. (*See* Addendum ¶ A.1, Ex. B to Mot. Compel, ECF No. 11-3). A "Covered Claim" is defined to include, "any billing or collections matters relating to your Account." (*Id.* ¶ A.2(i)). Accordingly, Plaintiff's claims, which challenge the legality of Defendant's collections practices, are within the scope of the agreement. Thus, Plaintiff's claims must be submitted to arbitration at Defendant's election.

### B. Motion to Dismiss

Having concluded that Plaintiff's claims are within the scope of the parties' arbitration agreement, the Court must now decide whether to dismiss this action. Failure to exhaust non-judicial remedies, such as the failure to arbitrate under an arbitration clause, is a proper, though "non-enumerated," reason for granting a Rule 12(b) motion to dismiss. *See Inlandboatmens Union of Pacific v. Dutra Group,* 279 F.3d 1075, 1078 n. 2, 1083–84 (9th Cir. 2002). Therefore, because Plaintiff has failed to arbitrate its action pursuant to the parties' agreement, dismissal without prejudice is appropriate.

//
//
//
//
//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 8), is **GRANTED**.  Plaintiff's Complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Arbitration, (ECF No. 11), is **GRANTED**.

**DATED** this __27__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court